United States District Court
for the District of New Hampshire

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, and HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P. <br><br> Plaintiffs, <br><br> v. <br><br> PMT PARTNERS, LLC and JEFFREY H. PILIBOSIAN, <br><br> Defendants. | Civil Action No. 1:06-CV-00006-SM |

## JUDGMENT AND PERMANENT INJUNCTION

Plaintiffs Hewlett-Packard Company and Hewlett-Packard Development Company, L.P. (collectively, "Hewlett-Packard"), having filed a complaint pursuant to the Lanham Act and state law against Defendants PMT Partners, LLC and Jeffrey H. Pilibosian (collectively "Defendants") arising out of Defendants alleged sale of goods bearing counterfeit copies of Hewlett-Packard's registered HP, HP logo, HEWLETT-PACKARD, and HP INVENT trademarks and the Court having reviewed the complaint and other pleadings, and the Parties having agreed to entry of the Consent Judgment and Permanent Injunction in compromise of their respective claims and defenses in the action.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that a Permanent Injunction is entered against Defendants as follows:

1.     Defendants, including their officers, agents, owners, employees, successors, confederates, and any persons in active concert or participation with Defendants, are hereby permanently restrained and enjoined from:

a.     Using Hewlett-Packard's HP, HP logo, HEWLETT-PACKARD, and/or HP INVENT trademarks, or any other mark including any reproduction, counterfeit, copy or colorable

{P0139609.1}

imitation of said marks, in connection with the advertising, offering for sale, distribution or sale of mini-GBICs or any other goods that are not authorized by Hewlett-Packard.

        b.     Using Hewlett-Packard's HP, HP logo, HEWLETT-PACKARD, and/or HP INVENT trademarks, or any other mark including any reproduction, counterfeit, copy or colorable imitation of said marks in any manner likely to cause others to believe that any of Defendants' goods are made by, distributed by, associated or connected with Hewlett-Packard.

        c.     Passing off, inducing or enabling others to sell or pass off any mini-GBICs or other goods which are not authorized by Hewlett-Packard as genuine Hewlett-Packard goods.

        d.     Committing any other acts calculated to cause actual or potential purchasers to believe that Hewlett-Packard is the source of Defendants' unauthorized goods.

        e.     Shipping, delivering, printing, ordering, importing, distributing, returning, transferring, destroying, or otherwise moving or disposing of in any manner mini-GBICs or other goods falsely bearing or intended to bear the HP Marks or any reproduction, counterfeit, copy or colorable imitation of the same.

        f.     Assisting, aiding or abetting any supplier, distributor or any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs a through e.

        2.     Nothing herein shall be interpreted to prevent Defendants from selling legitimately branded Hewlett-Packard products.  Defendants shall exercise reasonable due diligence to investigate and ensure that the products they are marketing and selling are in fact legitimately branded Hewlett-Packard products.

        3.     The Court retains jurisdiction to enforce or modify this Permanent Injunction as may be appropriate.

Defendants are hereby given notice that they shall be deemed to have actual notice of the issuance and terms of this Permanent Injunction and that any act by any of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

IT IS SO ORDERED.

DATED:   February 13, 2007

 

 

 

 

 

 

                 /s/ Steven J. McAuliffe

                 UNITED STATES ~~DISTRICT JUDGE~~   Chief Judge